UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
       **JUDGE**

# LETTER OPINION

December 15, 2010

James Malcolm Davis
76988
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
 *Pro Se Plaintiff*

Jonathan F. Cohen
Mark J. Blunda
Apruzzese, McDermott, Mastro & Murphy, P.C.
25 Independence Boulevard
P.O. Box 112
Liberty Corner, NJ 07938
 *Attorneys for Defendant Officer William Lopez*

  Re: *James Malcolm Davis v. State of New Jersey, et al.*
     Civil Action No. 09-1892 (WJM)

Dear Litigants:

  This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Officer William Lopez ("Lopez").  Oral argument was not held.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendant Lopez's Motion for Summary Judgment is **GRANTED.**  Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

This action is brought by *pro se* prisoner and Plaintiff James Malcolm Davis ("Davis"), who alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. (Plaintiff's Complaint, hereinafter "Cmpl.," at 1-7). The material facts of the case are not in dispute. Defendant Lopez is a police officer employed with the City of Perth Amboy Police Department. (Lopez Certification, hereinafter "Lopez Cert.," ¶ 1). On March 8, 2008, at 1:36 p.m., Officer Lopez responded to an anonymous 911 call reporting that a man at Felix Hair Salon, 278 Madison Avenue in Perth Amboy, N.J., was in possession of a dangerous weapon. (*Id.* at ¶ 2). The caller stated that the man was a black male with dreadlocks, dressed in blue jeans and a brown jacket. (*Id.* at Ex. 1). When Lopez arrived on the scene, he observed Plaintiff, a black male with dreadlocks wearing blue jeans and a brown jacket, leaving the hair salon. (*Id.*). A witness then pointed at Plaintiff and yelled, "That's him, that's him." (*Id.*). Lopez approached Plaintiff, who began walking away "in a haste like manner." (*Id.*). Lopez ordered Plaintiff to stop, but he did not. (*Id.*) When Lopez caught up with Plaintiff, Plaintiff appeared to him to be nervous and uneasy. (*Id.*). Lopez placed Plaintiff against the wall and conducted a pat-down of his outer clothing around his waist and chest, for safety purposes. (*Id.*). During the pat-down, Lopez felt an object that, based upon his training and experience, he believed to be a handgun. (*Id.*). Lopez then conducted a complete search and removed a fully loaded .38 caliber handgun from the left inner chest pocket of Plaintiff's jacket. (*Id.*). Plaintiff was placed under arrest. During the search incident to the arrest, additional officers located two clear plastic baggies containing what appeared to be crack cocaine and $367.00 in cash in Plaintiff's pants pockets. (*Id.*).

Plaintiff filed a complaint with the district court alleging multiple violations of his civil rights under 42 U.S.C. § 1983 on April 22, 2009, in connection with the circumstances surrounding his arrest. Pursuant to an initial screening under 28 U.S.C. § 1915A, the Court dismissed all claims against all defendants, except for Fourth Amendment false arrest and unlawful search claims against Defendant Lopez. On January 27, 2010, Plaintiff pled guilty in New Jersey state court to four felonies related to his March 8, 2008 arrest, including unlawful possession of a handgun in violation of N.J.S.A. 2C:39-5B and possession of cocaine with intent to deliver in a school zone in violation of N.J.S.A. 2C:39-4.1. He was ultimately sentenced to five years in prison. On March 23, 2010, Defendant Lopez served Plaintiff with interrogatories in this case. Plaintiff failed to respond to the interrogatories or otherwise conduct any discovery.

Presently before the Court is Lopez's Motion for Summary Judgment, which seeks an order dismissing the remainder of Plaintiff's complaint in its entirety. (Defendant's Brief, hereinafter "Def. Br.," at 2). Defendant Lopez makes three arguments in support of summary judgment and dismissal: (1) Lopez is shielded from liability by the doctrine of qualified immunity; (2) Plaintiff's claims are barred by *res judicata*, because he was convicted of four felonies in New Jersey state court that stem from the same incident forming the basis of the complaint; and (3) Plaintiff failed to serve answers to Lopez's interrogatories. (*Id.*). The motion is unopposed.

**II.    ANALYSIS**

### A. Standard of Review

Summary judgment eliminates unfounded claims without resorting to a costly and lengthy trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *See Celotex Corp.*, 477 U.S. at 323. A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." *Id.* at 325. In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The substantive law determines which facts are material. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

### B. Qualified Immunity

The gravamen of Plaintiff's remaining claims is that Officer Lopez illegally searched and arrested Plaintiff on March 8, 2008, in violation of the Fourth Amendment. (Cmpl. at 4). 42 U.S.C. § 1983 imposes civil liability upon any party who, while acting under color of state law, deprives another individual of any of the rights, privileges or immunities granted by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Hafer v. Melo*, 502 U.S. 21, 25 (1999); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). The section does not give rise to any new substantive rights but rather provides a remedy for the violation of pre-existing federal rights. *Baker v. McCollan*, 443 U.S. 137, 144 (1979). Certain individuals, however, are shielded from § 1983 liability due to the doctrine of qualified immunity. *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

The doctrine of qualified immunity protects government officials such as police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.*, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The purpose of this doctrine is to protect society from public officials who act irresponsibly while simultaneously protecting public officials from harassment when they perform their duties properly. *Id.*

A two-part test governs the applicability of qualified immunity. *Curley v. Klem*, 499 F.3d 199, 206-07 (3d Cir. 2007), citing *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). First, the Court must consider whether the defendant violated a constitutional right. *Id.* Second, the Court must determine whether it would have been clear to an objectively reasonable officer that his conduct was unlawful. *Id.* If no constitutional right has been

violated, or it would not have been clear to an objectively reasonable officer that his conduct was unlawful, the doctrine applies and the officer is shielded from liability. *Id.*

Here, Plaintiff alleges that his Fourth Amendment rights were violated because he was subjected to an illegal search and arrest. (Cmpl. at 4). The Fourth Amendment is violated when a search and seizure are conducted without probable cause. *U.S. v. Massac,* 867 F.2d 174, 175 (3d Cir.1989). Therefore, to demonstrate that Officer Lopez violated the Fourth Amendment, Plaintiff would have to show that Lopez acted without probable cause. Accordingly, for the doctrine of qualified immunity to apply, Lopez must demonstrate either that (1) he had probable cause, such that the Fourth Amendment was not violated, or (2) even if probable cause did not exist, a reasonable police officer would have believed that it did.

Defendant argues that qualified immunity applies because probable cause must be presumed as a matter of law. (Def. Br. at 10). According to this position, it has long been held at common law that a conviction presumptively establishes the existence of probable cause, absent a showing that the conviction was achieved through perjury, fraud, or corruption. *Montgomery v. DeSimone, Ptl.*, 159 F.3d 120, 124 (3d Cir. 1998), citing *Lind v. Schmid*, 67 N.J. 255 (1975). Because Plaintiff voluntarily plead guilty to the charges of which he was convicted and which related to his March 8, 2008 arrest, he cannot allege the existence of perjury, fraud, or corruption. Finally, Defendant argues, while the presumption of probable cause can be rebutted, Plaintiff has not conducted any discovery in this matter, nor has he filed any opposition to Defendant's motion. (Def. Br. at 11). Therefore, he has failed to rebut the presumption. (*Id.*).

Defendant's argument is strong, and if Plaintiff were represented by counsel or were not incarcerated, the Court would be inclined to accept it. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (finding that *pro se* prisoner litigants should not always be held to the same exacting standards as other parties ably represented by counsel). The Court is mindful that Plaintiff's status as a *pro se* prisoner does not excuse him from meeting his legal burdens. Nevertheless, the Court is hesitant to attach undue significance to Lopez's failure to engage in discovery or to reply to Defendant's motion, at least in this context.

Moreover, it is unnecessary for the Court to decide whether the presumption applies here, because Defendant's next argument, that the facts of the case irrefutably establish probable cause regardless of presumptions, is compelling. (Def. Br. at 11-12). Probable cause exists if the facts and totality of the circumstances known to the officer warrant a prudent person in similar circumstances to conclude that criminal activity is afoot. *Henry v. United States,* 361 U.S. 98 (1959); *United States v. Belle,* 593 F.2d 487, 497 (3d Cir.1979). Probable cause is an ambiguous legal standard and a "fluid concept" that is contingent upon the evaluation of "probabilities in particular factual contexts" that are not easily reduced to a definite set of legal rules. *Illinois v. Gates,* 462 U.S. 213, 232 (1983). Although the standard requires more than mere suspicion, it does not mandate that the officer have "evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police,* 71 F.3d 480, 482-83 (3d Cir.1995). Probable cause can be found in the absence of the actual observance of criminal conduct as long as a prudent person would reasonably conclude that the defendant acted unlawfully. *U.S. v.*

*Burton,* 288 F.3d 91, 98 (3d Cir. 2002). Moreover, it requires only a probability or a substantial chance of illegal conduct instead of an actual showing of such conduct. *Id.*

In this case, the facts conclusively establish that Officer Lopez had probable cause to search and arrest Plaintiff, or at a minimum, that his belief in the existence of probable cause was objectively reasonable. As described above, on March 8, 2008, at 1:36 p.m., Lopez responded to an anonymous 911 call from the Felix Hair Salon in Perth Amboy New Jersey, reporting that an individual on the premises was in possession of a dangerous weapon. (Lopez Certif. at ¶ 2). The caller identified the suspect as a black male with dreadlocks, dressed in blue jeans and a brown jacket. (*Id.* at Ex. 1). When Lopez arrived at the scene, he observed Plaintiff, a black male in dreadlocks, blue jeans, and a brown jacket, exactly matching the 911 caller's description. (*Id.*). Lopez also saw a witness point at Davis as Davis was walking away, and shout "That's him, that's him." (*Id.*). Lopez then observed Davis attempt to flee, at which point he commanded him to stop. (*Id.*). When Davis did not stop, Lopez caught up with him and conducted a pat-down of the outer clothing for the purpose of officer safety. *See Terry v. Ohio*, 392 U.S. 1 (1968) (permitting officer to conduct pat-down of a defendant's outer clothing to search for weapons, if the officer observes conduct that reasonably leads him to conclude that defendant is engaged in criminal activity and could be armed and dangerous). Lopez felt what he believed to be a handgun, and then upon a more complete search and arrest, Davis was discovered to have on his person a fully loaded .38 caliber handgun as well as two bags of crack cocaine. (*Id.*). These facts are established through the Certification and Police Report of Officer Lopez.

Given the totality of the circumstances, it is apparent that Officer Lopez was objectively reasonable in believing that Plaintiff was the individual identified by the 911 caller, that he could be armed and dangerous, and that there was a fair probability that criminal activity was afoot. Therefore, it is equally clear that Lopez had probable cause to search and arrest Davis, or that at a minimum, he was objectively reasonable in his belief that he did. Officer Lopez is thus entitled to the protections of qualified immunity. The Court finds that because qualified immunity is conclusively established, mandating the dismissal of the claims against Lopez, it is unnecessary to consider the effects of *res judicata* or Plaintiff's failure to conduct discovery on the viability of the complaint.

### III.   CONCLUSION

For the reasons stated above, Defendant Lopez's Motion for Summary Judgment is **GRANTED**. All claims against Defendant Lopez are **DISMISSED WITH PREJUDICE**. Because the claims against Defendant Lopez are the only remaining claims in this action, the entire action is **DISMISSED WITH PREJUDICE**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**